FILED

10 AUG -9 AM 10: 05

CLERK, U.S. DISTRICT C...
SOUTHERN DISTRICT OF CALIF...

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA M. JOHNSON, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br>    vs.<br><br>U.S. VISION, INC., USV OPTICAL, INC., and DOES 1-100, inclusive,<br><br>        Defendants. | CASE NO. 10-CV-0690 BEN (CAB)<br><br>ORDER DENYING MOTION TO REMAND<br><br>[Docket No. 11] |

## INTRODUCTION

Before the Court is Plaintiff Debra M. Johnson's motion to remand ("Motion"). Dkt. No. 11. Defendants filed an opposition and Plaintiff filed a reply. The Court finds the Motion suitable for disposition on the papers, without oral argument, pursuant to Local Civil Rule 7.1.d. For the reasons set forth below, the Court **DENIES** the Motion.

## BACKGROUND

On February 26, 2010, Plaintiff filed her complaint ("Complaint") in San Diego County Superior Court on behalf of herself and a class of non-exempt employees employed by Defendants U.S. Vision, Inc. and USV Optical, Inc (collectively, "Defendants") during the four-year period before the complaint was filed ("Class Period"). Compl. ¶¶ 1-2, 37. Plaintiff alleges that, at all relevant times, she was employed by Defendant U.S. Vision as a manager and optech. Compl. ¶ 13. Plaintiff alleges violations of the California Labor Code, California Business and Professions

Code, §§ 17200, *et seq.,* the applicable IWC Wage Order, and related common law principles. Compl. ¶¶ 1 and 13. Specifically, Plaintiff alleges Defendants failed to pay all wages and overtime compensation owed to its non-exempt employees; failed to provide required meal periods; failed to provide required rest periods; improperly imposed a use-it-or-lose-it vacation policy; failed to pay wages with lawful instruments; failed to furnish timely, proper, and accurate wage statements; failed to pay final wages; and failed to conduct lawful and fair business practices. Compl. ¶ 2. Plaintiff alleges that all claims on behalf of herself and the putative class do not exceed five million dollars. Compl. ¶ 8.

On April 2, 2010, Defendants filed a Notice of Removal to federal court under the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. §§ 1332, 1441, 1453. The Notice asserted that the amount in controversy far exceeded CAFA's jurisdictional threshold of five million dollars. Plaintiff opposed removal and filed the instant Motion, arguing Defendants have not met their burden of establishing jurisdiction under CAFA. Mot. 1. Plaintiff also seeks to recover the fees and costs it incurred in bringing the Motion. *Id.*

## DISCUSSION

### I. Legal Standard

A civil action in state court may be removed to federal district court if the district court had original jurisdiction over the matter at the time the complaint was filed. 28 U.S.C. § 1441(a). As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which, inter alia: the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" the aggregate number of proposed plaintiffs is 100 or greater; and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). The Ninth Circuit has determined that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006).

The Court must first determine what level of proof Defendants must meet to satisfy their burden. In this case, Plaintiff was within her rights, "subject to a good faith requirement in pleading. . . [to] sue for less than the amount she maybe entitled to if she wishes to avoid federal

jurisdiction and remain in state court." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). In *Lowdermilk*, the Ninth Circuit held that where a plaintiff pleads damages less than the threshold amount of five million dollars for federal jurisdiction, the plaintiff is considered to have pled a specific amount of damages, and the defendant must prove "to a legal certainty" that the amount in controversy exceeds the statutory minimum. *Id.* at 998-99. Accordingly, Defendant is subject to the "legal certainty" standard here.

## II.   Minimal Diversity and Numerosity

Under CAFA, original federal jurisdiction exists where there is (1) minimal diversity, (2) class numerosity of 100 or greater, and (3) an amount in controversy of over five million dollars. 28 U.S.C. § 1332(d); *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1473 (2010) ("In CAFA, Congress opened federal-court doors to state-law-based class actions so long as there is minimal diversity, at least 100 class members, and at least $5,000,000 in controversy."). Minimal diversity and class numerosity are not contested by Plaintiff, and this Court is satisfied that the evidence supports the validity of those two factors. With respect to minimal diversity, Plaintiff resides in San Diego, California and is, therefore, a citizen of California. Complaint ¶ 11; *see* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Defendant U.S. Vision, Inc. is incorporated in Delaware with its principal place of business in New Jersey. Nepa Decl. ¶ 2. Defendant USV Optical, Inc. is incorporated in Texas with its principal place of business in New Jersey. Nepa Decl. ¶ 4. Therefore, neither defendant is a citizen of California and Plaintiff is a citizen of a state different from each Defendant. As to numerosity, Plaintiff asserts in her complaint that "the Class consists of at least several hundred, but likely several thousand persons." Complaint ¶ 41. The Court concludes that the suit satisfies CAFA's requirements of minimal diversity and numerosity.

## III.  Amount in Controversy

Whether the amount in controversy exceeds the jurisdictional threshold in the instant case is the issue currently before the Court. To determine the amount in controversy,

> [t]he district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts

in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.

*Abrego Abrego,* 443 F.3d at 690 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)(internal quotations omitted)).

Plaintiff argues Defendants miscalculated the amount in controversy because Defendants erroneously assumed "each class member was damaged to the same extent that Plaintiff Johnson was, and that every putative class member, among other things, worked off the clock and incurred a break violation every single day of the entire class period." Mot. 6. Plaintiff emphasizes that Defendants have access to more specific figures to calculate the amount in controversy and that "each [class] member can be identified using information contained in Defendants' payroll, scheduling and personnel records." Compl. ¶ 39. Absent a persuasive argument that Defendants are required to prove actual damages in order to remove this action, however, the Court must consider the amount put in controversy by the Complaint, not the ultimate or provable amount of damages. *See Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal., 2005) (citing *Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394, 397-99 (2nd Cir. 2003).[1] The Court finds that, having based their calculations on allegations provided in the Complaint, Defendants have proved with a legal certainty that CAFA's jurisdictional threshold is satisfied.

Throughout the Complaint, Plaintiff generally refers to Defendants' employees as a whole, without using language to suggest that any less than all employees were injured for each cause of action. For example, Plaintiff's First Cause of Action generally alleges Defendants have violated California's wage and hour laws with respect to "all wages owed to its non-exempt employees." Compl. ¶ 20. In addition, Plaintiff alleges Defendants "routinely and systematically required

---

[1] The Senate Judiciary Committee Report "cautions that these jurisdictional determinations should be made largely on the basis of readily available information. Allowing substantial, burdensome discovery on jurisdictional issues would be contrary to the intent of these provisions to encourage the exercise of federal jurisdiction over class actions." *Abrego Abrego,* 443 F.3d at 692 (quoting S. Rep. 109-14 at 44, U.S.C.C.A.N. at 42.)

1  employees to report to work fifteen to thirty minutes before their scheduled shift or to stay at work
2  fifteen to thirty minutes after their scheduled shift." Compl. ¶ 49.  Plaintiff argues, however, that
3  "routinely and systematically" does not mean "each and every day," as Defendants assume in their
4  calculations. Mot. 9.  However, Plaintiff does not provide clarifying language in her complaint to
5  suggest otherwise.  Moreover, Defendants use an average time of twenty-three minutes for off-the-
6  clock time to calculate the amount in controversy under this claim.  This average is no more than
7  necessary to make calculations to a legal certainty.
8        In her Second Cause of Action, Plaintiff states "Defendants denied employees the
9  opportunity to take duty-free meal breaks" and "forbid any employee to ask a customer to leave the
10 store so that the employee could. . . take a break." Compl. ¶ 24.  Plaintiff's Third Cause of Action
11 likewise describes Defendants' "company-wide policy [that] required employees to assist
12 customers...and precluded employees from taking a break." Compl. ¶ 28.  Also in this claim,
13 Plaintiff generally refers to "these employees" when discussing Defendants' practice of "often"
14 scheduling employees to work alone. Compl. ¶¶ 29-30.  Plaintiff does not mention which
15 employees were injured by Defendants' Paid Time-Off plan in her Fourth Cause of Action.
16 Compl. ¶ 31.  Nor does Plaintiff use language that refers to any less than all employees when she
17 states "Defendant failed to pay its employees [with lawful instruments]" in her Fifth Cause of
18 Action. Compl. ¶¶ 32.  Plaintiff's Sixth Cause of Action states "their employees" were not
19 furnished with timely or accurate wage statements, which also suggests the possibility that all
20 employees during the Class Period are entitled to the maximum penalty.  Finally, Plaintiff's
21 Seventh Cause of Action uses consistently inclusive language to refer to final wages owed to
22 "terminated employees." Compl. ¶ 35.  Plaintiff does not attempt to narrow the class in any cause
23 of action until the instant Motion.
24        To support their calculations, Defendants submit a declaration from, among other people,
25 Stan Shulas. Mr. Shulas is the Assistant Controller, Operations, for U.S. Vision, Inc., responsible
26 for enforcing Defendants' payroll policies and procedures.  Mr. Shulas' declaration sets forth
27 Plaintiff's most recent hourly rate of pay, as well as the specific number of optical managers and
28 optechs employed during the Class Period, average hourly rates of pay for managers and optechs,

number of employees who separated their employment with Defendants, and number of possible wage statements for each employee per year. Am. Shulas Decl. ¶¶ 2-10. Defendants accurately use these figures to calculate the amount in controversy based on the allegations in the Complaint. Despite Plaintiff's attempt to provide supplemental information in the motion to remand, Defendants were entitled to, and did, use the factual allegations in the Complaint to calculate the amount in controversy. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992) (holding that defendant must use specific factual allegations or provisions in the complaint to support its argument of proper removal). The Court finds that Defendants provided detailed and competent evidence supporting their calculations and showing, to a legal certainty, that the jurisdictional threshold under CAFA is met. To the extent subsequent events show that jurisdiction would not be proper, the Court can address remand at that time. 28 U.S.C. § 1447(c).

## IV. Request for Fees and Costs

Because Plaintiff's Motion is denied, Plaintiff's request for fees and costs incurred in connection with the Motion is also denied. 28 U.S.C. § 1447(c).

## CONCLUSION

As set forth above, the Court **DENIES** Plaintiffs' motion to remand to state court.

**IT IS SO ORDERED.**

Date: August ___, 2010

Hon. Roger T. Benitez
United States District Court Judge